## CHARLES L. DAWSON *vs.* MARSHALL WETHERBEE.

A plaintiff in replevin, claiming title by sale from a former owner, has no ground of exception to an instruction to the jury that, if the acts and declarations relied on by him to show a sale were merely colorable and not intended to pass any title or possession to him, they might disregard them as evidence of ownership in him.

REPLEVIN of a horse. Trial and verdict for the defendant in the superior court before *Wilkinson,* J., to whose rulings the plaintiff alleged exceptions, which are stated in the opinion.

*C. H. B. Snow,* for the plaintiff, cited Hilliard on Sales, 1; 1 Parsons on Con. 435 & note; Chit. Con. (8th Amer. ed.) 413 & note; *Jefferies* v. *Great Western Railway,* 5 El. & Bl. 802; *Kieran* v. *Sandars,* 6 Ad. & El. 515; *Wilson* v. *Nichols,* 29 Maine, 566; *Duncan* v. *Spear,* 11 Wend. 54.

*N. Wood,* for the defendant.

MERRICK, J. The defendant offered to prove upon the trial that the horse, which is the subject of controversy in this action, was attached by him as a civil officer in the service of a writ against one Whittemore, who was admitted to have been the former owner of it. But upon the objection of the plaintiff the evidence offered for this purpose was held to be inadmissible, and was accordingly excluded. The question then arose, whether the plaintiff had any title to the horse. He claimed to have become the owner of it by a sale from Whittemore, and also by having had possession of it previously to the time of the alleged taking by the defendant. A verdict having been returned against the plaintiff, it is apparent that the jury must have found that he had neither the actual nor the constructive possession of the horse, for the court instructed them that if he had either he was entitled to recover.

Upon the question whether there was a sale of the horse from Whittemore to the plaintiff, the evidence produced by the parties was conflicting and contradictory. The evidence on the part of the plaintiff tended to show a sale and delivery, while that on the part of the defendant tended to prove that there had never been either a sale or delivery, and that if any forms

of sale ever took place, they were merely colorable, and were not intended to pass the title or possession of the horse to the plaintiff. In reference to this evidence the court instructed the jury that if the acts and declarations relied on by the plaintiff to show a sale were merely colorable, and not intended to pass any title or possession to the plaintiff, the jury might disregard them as evidence of ownership in him. This instruction is objected to by the plaintiff, but it was certainly correct. It is no doubt true that if a sale of a chattel is in fact made, though it may be void as against creditors, because made with intent to hinder and delay them in the collection of their debts, or for any other fraudulent purpose, yet as between the parties the property will pass to the vendee; and a mere stranger who has himself no title cannot controvert or contest its validity. But that was not the question upon which the instructions were given. The attention of the jury was called to the question whether there had been in fact any sale at all for any purpose whatever. If the acts and declarations which were in evidence, and which were relied on at the trial by the plaintiff to show that there had been a sale, were all a mere sham and pretence, and were not intended by the parties to pass any title or possession from Whittemore to him, the court, in advising the jury that such acts and declarations might be disregarded as evidence of ownership, gave the same and all the effect to them which the parties themselves intended that they should have. And if the plaintiff did not then intend to take any title, or acquire any right or have the possession of the horse, and if no sale or transfer of the animal was intended by either of the parties to be the result of what they merely colorably said and did, he is in no situation to prefer any claim of ownership to the property. In other words, the real and substantial question submitted to the jury was, whether upon the evidence they were satisfied that there had been in fact, for any purpose whatever, honest or fraudulent, a sale of the horse. That was the real question in issue, and it was properly left to their determination. Their verdict for the defendant shows that they found that no sale had ever taken place.     *Exceptions overruled.*